UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| MIKE DONOVAN,<br>CHINEDU ERNESTO,<br>WAYNE SCHNEIDER,<br>LAVAR PETERS,<br>TIMOTHY SHIPE,<br>DYLAN JORGENSEN,<br>CORTEZ NATHAN,<br><br>and<br><br>BLAKE RATCLIFF,<br><br>    Plaintiff<br>v.<br><br>Officers John Doe I-VIII, in their official Capacities,<br><br>    Defendant. | JURY TRIAL DEMANDED |

COMPLAINT

Plaintiffs Mike Donovan, Chinedu Ernesto, Wayne Schneider, Lavar Peters, Timothy Shipe, Dylan Jorgenson, Cortez Nathan, and Blake Ratcliff ("Plaintiffs"), by and through counsel, file this Complaint against Defendants Officers John Doe I-VIII. Plaintiffs will use 42 U.S.C. § 1983 to vindicate their rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution, to redress the deprivation of the Plaintiff's Constitutional rights by the Defendants in this action. In support of thereof, the Plaintiffs allege:

INTRODUCTION

This case presents an extreme case of public officers violating private citizens First Amendment rights to free speech by dispersing people protesting the horrible and racist political

activities of the chairman of the Proud Boys in Miami, Florida, an organization designated by the Southern Poverty Law Center as a domestic terrorist organization. Adding insult to the injury, the Defendant Officers then followed the Plaintiffs, after they had successfully ended the Plaintiff's protest on that day, and engaged in a concerted effort at harassment and intimidation that included the illegal seizure of the Plaintiffs to ensure the complete intimidation. Particularly in these turbulent times, such gross violations of the Constitution cannot be permitted to stand.

## JURISDICTION AND VENUE

This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

This Court has jurisdiction to issue the declaratory relief requested pursuant to the Declaratory Relief Act, 28 U.S.C. §§ 2201 and 2202. This Court may also grant injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure. This Court has authority to award costs and attorneys' fees under 42 U.S.C. § 1988.

Venue is proper in the Southern District of Florida as Defendants reside in the Southern District of Florida, and all or a substantial part of the events and omissions giving rise to the claims in this action occurred in this district.

## PARTIES

1. Michael Donovan ("Donovan") is a resident and citizen of the state of Virginia and the United States. At all times relevant, Donovan was subject to the laws of the United States and the state of Florida.

2. Chinedu Ernesto ("Ernesto") is a resident and citizen of the state of Florida and the United States. At all times relevant, Ernesto was subject to the laws of the United States and the state of Florida.

3. Wayne Schneider ("Schneider") is a resident and citizen of the state of Virginia and the United States. At all times relevant, Schneider was subject to the laws of the United States and the state of Florida.

4. Lavar Peters ("Peters") is a resident and citizen of the state of Florida and the United States. At all times relevant, Peters was subject to the laws of the United States and the state of Florida.

5. Timothy Shipe ("Shipe") is a resident and citizen of the state of Virginia and the United States. At all times relevant, Shipe was subject to the laws of the United States and the state of Florida.

6. Dylan Jorgensen ("Jorgensen") is a resident and citizen of the state of Illinois and the United States. At all times relevant, Jorgenson was subject to the laws of the United States and the state of Florida.

7. Cortez Nathan ("Nathan") is a resident and citizen of the state of Illinois and the United States. At all times relevant, Nathan was subject to the laws of the United States and the state of Florida.

8. Blake Ratcliff ("Ratcliff") is a resident and citizen of the state of Illinois and the United States. At all times relevant, Ratcliff was subject to the laws of the United States and the state of Florida.

9. Officer John Doe I ("Doe I") is a resident and citizen of the state of Florida and the United States. At all times relevant, Doe I was a Miami-Dade police officer, a certified

Law Enforcement Officer in the state of Florida. At all times relevant, was subject to and responsible for knowing the laws of the United States, the Constitution, and the state of Florida.

10. Officer John Doe II ("Doe II") is a resident and citizen of the state of Florida and the United States. At all times relevant, Doe I was a Miami-Dade police officer, a certified Law Enforcement Officer in the state of Florida. At all times relevant, was subject to and responsible for knowing the laws of the United States, the Constitution, and the state of Florida.

11. Officer John Doe III ("Doe III") is a resident and citizen of the state of Florida and the United States. At all times relevant, Doe I was a Miami-Dade police officer, a certified Law Enforcement Officer in the state of Florida. At all times relevant, was subject to and responsible for knowing the laws of the United States, the Constitution, and the state of Florida.

12. Officer John Doe IV ("Doe IV") is a resident and citizen of the state of Florida and the United States. At all times relevant, Doe I was a Miami-Dade police officer, a certified Law Enforcement Officer in the state of Florida. At all times relevant, was subject to and responsible for knowing the laws of the United States, the Constitution, and the state of Florida.

13. Officer John Doe V ("Doe V") is a resident and citizen of the state of Florida and the United States. At all times relevant, Doe I was a Miami-Dade police officer, a certified Law Enforcement Officer in the state of Florida. At all times relevant, was subject to and responsible for knowing the laws of the United States, the Constitution, and the state of Florida.

14. Officer John Doe VI ("Doe VI") is a resident and citizen of the state of Florida and the United States. At all times relevant, Doe I was a Miami-Dade police officer, a certified Law Enforcement Officer in the state of Florida. At all times relevant, was subject to and responsible for knowing the laws of the United States, the Constitution, and the state of Florida.

15. Officer John Doe VII ("Doe VII") is a resident and citizen of the state of Florida and the United States. At all times relevant, Doe I was a Miami-Dade police officer, a certified Law Enforcement Officer in the state of Florida. At all times relevant, was subject to and responsible for knowing the laws of the United States, the Constitution, and the state of Florida.

16. Officer John Doe VIII ("Doe VIII") is a resident and citizen of the state of Florida and the United States. At all times relevant, Doe I was a Miami-Dade police officer, a certified Law Enforcement Officer in the state of Florida. At all times relevant, was subject to and responsible for knowing the laws of the United States, the Constitution, and the state of Florida.

STATEMENT OF FACTS

**I.      Facts Related to the Protest of Proud Boy Chairman Henry "Enrique" Tarrio**

17. On January 28, 2021, Ernesto, Schnieder, Peters, Schipe, Donovan, Jorgenson, Nathan, and Ratcliff ("Protesters") came together, along with others, to protest the racist political activities of Henry "Enrique" Tarrio ("Tarrio"), chairman of the far right, neo-fascists, Proud Boys in Florida.

18. The Proud Boys is a far-right, neo-fascist, male-only white nationalist political organization that engages in political violence in the United States. See Sothern Poverty

Law Center, Designated Hate Group, https://www.splcenter.org/fighting-hate/extremist-files/group/proud-boys (last accessed Feb. 1, 2021).

19. Tarrio is also a prolific informant for local and federal law enforcement following his own arrest in 2012. Exclusive: Proud Boys leader was 'prolific; informer for law enforcement, U.S. Legal News, Jan. 27, 2021, https://www.reuters.com/article/us-usa-proudboys-leader-exclusive/exclusive-proud-boys-leader-was-prolific-informer-for-law-enforcement-idUSKBN29W1PE (last accessed Feb. 1, 2021).

20. Upon arrival at the known address for Tarrio on January 28, 2021, the Plaintiff's began to chant protests of the racist activities of Tarrio.

21. Tarrio's sister came out of the residence and proceeded to attempt to disperse the protest, advising that she had called the cops.

22. Tarrio was known to be a 'prolific' informer for local police and to have supporters among local police.

23. Shortly after the Protesters' arrival, two Miami-Dade police cruisers appeared on the scene, driving at a high rate of speed and activating their siren as they arrived. Officers John Doe I and John Doe II were operating those vehicles in their official capacities as Miami-Dade Police Officers.

24. Officer Jane Doe I immediately exited his vehicle and asked if the group had a permit. Officer John Doe II followed.

25. Michael Donovan ("Donovan") and Timothy Shipe ("Shipe") calmly spoke with Officer John Doe I, advising him that they did not have a permit and did not need one for this protest.

26. The number of people protesting Tarrio was not blocking traffic, had sidewalks available for their use, and was obeying all traffic and pedestrian laws. The Protesters remained on public property, the street and sidewalk, and never entered private property.

27. Upon being told that they did not have a permit, Officer John Doe I said "No. You need to leave. You need to leave, or everyone will be under arrest … if you don't have a permit, you will be under arrest for causing a scene." (Ex. A, Video of Police Dispersing Protesters.)

28. Officer John Doe I continued "guys, it's time to leave. It's time to leave," upon hearing which, the Protesters vacated the public space in their vehicles.

29. Officer John Doe I advised Donovan that there was no requirement that he obtain a permit for his protest under the law.

30. Absent the threat of arrest by Officer John Doe I, the Protesters would have continued their constitutionally protected protest.

31. Officers John Doe I and II did not have name badges on their uniforms when they interacted with the Protesters.

32. Officer John Doe I failed and refused to provide his name when asked by the Protesters.

**II.    Facts related to the Retaliation by officers for Protesters' exercise of their Free Speech rights**

33. Having been forced to leave their peaceful, lawful, protest by Miami-Dade officers, the Protesters peacefully, and lawfully, drove their vehicles to a nearby Wendy's located in a small shopping complex.

34. Officer John Doe I now supported by three additional police cruisers operated by John Does II – VIII in their official capacities as Miami-Dade Police Officers, followed the

Protesters and began to harass and intimidate the Protesters, without any indication of criminal behavior or wrongdoing. (Ex. B, Video of Police arriving at Wendy's.)

35. Officer John Doe I immediately drove his vehicle up and blocked in the white Chevy Suburban, and two other, vehicles being driven by the Protestors.

36. The white Chevy Suburban was being driven by protestors Ernesto, his passengers were Schneider and Peters. All three were now prevented from leaving the scene as Officer John Doe I detained their vehicle, and by extension themselves.

37. Officer John Doe I then exited his vehicle and, while facing the Protesters, loudly started calling for license plate checks and circling the vehicles on foot. Additional units circled the parking lot during this time and blocked the Protesters from leaving. Id.

38. Protestor Shipe was driving a black Nissan Xfinity, with pass angers Donovan, Jorgensen, Nathan, and Ratcliff. That vehicle was moved into the Wendy's parking lot shortly after Officer John Doe I blocked in the White Suburban.

39. As the vehicle was parked, Officer John Doe I screeched his tires speeding over and immediately blocked the vehicle, preventing any exit from the parking space. (Ex. C, Video of Officer Blocking Nissan.)

40. In fear of the officer's harassment, a decision was made for some of the younger protesters, some not even yet adults, to attempt to leave the premises by Uber to continue their daily activities elsewhere. (Ex. D, Video of Uber.)

41. Officer John Doe I immediately pulled up behind the Uber on its arrival and began holding his body camera out his window to record the event, following the Uber as it left, further causing fear of persecution and harassment.

42. Throughout this event, lasting approximately ninety (90) minutes, Officers John Doe I-VIII continued to slowly circle the Protesters and the parking lot, with blue lights active, clearly attempting continued intimidation of the Protesters. (Ex. E, Video of Officers Circling.)

43. These actions were taking directly following, and as a result of, the Protesters exercise of their First Amendment rights to protest in an effort to forestall any future protests of Tarrio by the Protesters.

44. The Protesters intend to continue their protest of Tarrio at his last known address for the remainder of this week and fear that doing so will result in further retaliation.

**III.    Facts related to Officers seizing Protesters without probable cause**

45. Having left the scene of their protest at Officer John Doe I's insistence, the Protesters went to a nearby Wendy's for lunch.

46. Officer John Doe I, having called for the support of an additional two Miami-Dade police cruisers, followed the protesters and, upon arrival at the Wendy's, immediately drove his vehicle up and blocked in the white Chevy Suburban, and two other, vehicles being driven by the Protestors, preventing the vehicles from leaving or moving. (Ex. C, Video of Officer Blocking Nissan.)

47. The white Chevy Suburban was being driven by protestors Ernesto, his passengers were Wayne Schneider and Lavar Peters. All three were now prevented from leaving the scene as Officer John Doe I detained their vehicle, and by extension themselves.

48. Officer John Doe I then exited his vehicle and, while facing the Protesters, loudly started calling for license plate checks and circling the vehicles on foot. Additional units circled the parking lot during this time. Id.

49. Ernesto, Schneider and Peters now felt that they were no longer free to leave and that they were being targeted for investigation for criminality.

50. Prior to this point, none of the vehicles had engaged in any activity that was illegal or that indicated any illegal activity was happening.

51. Ernesto parked his vehicle lawfully, obeyed all traffic laws in driving to the Wendy's, and there were no visible indications of any illegal activity.

52. Protestor Shipe was driving a black Nissan Xfinity, with passengers Donovan, Jorgensen, Nathan, and Ratcliff. That vehicle was moved into the Wendy's parking lot shortly after Officer John Doe I blocked in the White Suburban.

53. As the vehicle was parked, Officer John Doe I screeched his tires rushing over and immediately blocked the vehicle, preventing any exit from the parking space. (Ex. C, Video of Officer Blocking Nissan.)

54. At this point, Shipe, Donovan, Jorgensen, Nathan, and Ratcliff felt they were unable to leave the premises and that they were being targeted for investigation for criminality.

55. Prior to this point, none of the vehicles had engaged in any activity that was illegal or that indicated any illegal activity was happening.

56. Shipe parked his vehicle lawfully, obeyed all traffic laws in driving to the Wendy's, and there were no visible indications of any illegal activity.

## COUNT I

### DECLARATORY RELIEF FOR VIOLATION OF PLAINTIFFS' FIRST AMENDMENT RIGHTS TO FREE SPEECH
### (Against Defendants John Doe I and John Doe II, in their official capacities.)

57. Paragraphs 1 through 29, along with any other facts this Court deems relevant, are incorporated as though fully set forth herein. Requested pursuant to the Declaratory

Relief Act, 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 65, this Court has the authority to grant declaratory relief in this case.

58. Based upon the foregoing, Defendants John Doe I and John Doe II violated the Protesters First Amendment rights to speak to a matter of grave public concern by restricting their lawful speech in a quintessential public space by forcing the Protesters to dissolve a protest without any basis in fact or law.

59. Plaintiffs intend to continue protesting Tarrio and are entitled to Declaratory Relief declaring that they have right to resume and continue their lawful protests of the racist political actions of Tarrio.

## COUNT II

### DECLARATORY RELIEF FOR RETALIATION AGAINST PLAINTIFFS' EXERCISE OF THEIR FIRST AMENDMENT RIGHTS TO FREE SPEECH
(Against all Defendants in their official capacities.)

60. Paragraphs 1 through 16 and 30 through 40, along with any other facts this Court deems relevant, are incorporated as though fully set forth herein. Requested pursuant to the Declaratory Relief Act, 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 65, this Court has the authority to grant declaratory relief in this case.

61. Based upon the foregoing, all Defendants violated the Protesters First Amendment right to speak as to a matter of grave public concern by retaliating against the protesters for the exercise of their Free Speech rights by harassing, illegally detaining, and intimidating them in an effort to chill any future efforts by the Protesters to continue protesting Tarrio's racist political activities.

62. Plaintiffs intend to continue protesting Tarrio and are entitled to Declaratory Relief declaring that they have right to resume and continue their lawful protests of the racist

political actions of Tarrio and that any further attempts by the Defendants, or any Miami-Dade Police Officer, to chill that speech violate Plaintiffs' First Amendment rights.

### COUNT III

### DECLARATORY RELIEF FOR VIOLATION OF PLAINTIFFS' FOURTH AMENDMENT RIGHTS TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE
**(Against all Defendants in their official capacities.)**

63. Paragraphs 1 through 16 and 30 through 53, along with any other facts this Court deems relevant, are incorporated as though fully set forth herein. Requested pursuant to the Declaratory Relief Act, 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 65, this Court has the authority to grant declaratory relief in this case.

64. Based upon the foregoing, all Defendants' violated the Protesters' Fourth Amendment right to be free from unreasonable search and seizure when Defendant John Doe I used his patrol vehicle to block in the Protesters' white suburban vehicle and black Nissan Xfinity vehicle, preventing the protesters from leaving, while Defendants circled, blocked traffic lanes for egress, and loudly called for checks on the license plates of the Protesters, all without any probable cause to believe that any illegal activity was occurring or about to occur.

65. Plaintiffs intend to continue protesting Tarrio and are entitled to Declaratory Relief declaring that continued seizures of their persons by blocking their vehicles in and preventing the Protesters from leaving any area without probable cause is a violation of their Fourth Amendment rights to be free from unreasonable search and seizures.

### COUNT IV

### ATTORNEY FEES
**(Against All Defendants in their official capacities)**

Based on the facts alleged in this Complaint, the Plaintiff is entitled to attorney's fees against all defendants under 42 U.S.C. § 1983, § 1988(b), and all applicable laws.

WHEREFORE, Plaintiff prays this Court:

a) That process issue and service be had on each Defendant;

b) That a jury trial be had on all issues so triable;

c) That Plaintiff recover all costs of this litigation;

d) That Plaintiff be awarded all other expenses in an amount to be determined at trial, including attorney fees;

e) That this Court grant equitable and declaratory relief Plaintiff has requested; and

f) That Plaintiff receives such other and further relief as this Court deems just and proper.

Respectfully submitted on this 4th day of February 2021,

/s/ Dallas S. LePierre
Dallas S. LePierre (FL. Bar No. 101126)

NDH LLC
44 Broad Street, NW, Suite 200
Atlanta, Georgia 30303
404-254-0442/ 404-935-9391 FAX
dlepierre@ndh-law.com
*Counsel for Plaintiff*