**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-20499-CIV-ALTONAGA/Torres**

**MIKE DONOVAN**, *et al.*,

    Plaintiffs,
v.

**OFFICERS JOHN DOE I–VIII**,
in their official capacities,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE**
**TO CONDUCT EARLY DISCOVERY**

**THIS CAUSE** came before the Court on Plaintiffs' Motion for Leave to Conduct Early Discovery [ECF No. 10]. Plaintiffs' Complaint [ECF No. 1] alleges Defendants, Officers John Doe I–VIII, violated Plaintiffs' First Amendment right to free speech by dispersing their lawful protest, retaliated against them for exercising their right to free speech, and violated their Fourth Amendment rights by blocking their vehicles and seizing them without probable cause. (*See generally id.*). Plaintiffs seek leave to conduct expedited discovery to uncover the identities of the Doe Defendants. (*See generally* Mot.).

Under Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." *Id.* (alteration added). "Although the Federal Rules do not provide a standard for the court to use in exercising its authority to order expedited discovery under Rule 26(d), courts have generally adopted one of two approaches in determining a party's entitlement to such discovery: (1) [a] preliminary injunction-style analysis . . . or (2) a general 'good cause' or

'reasonableness' standard which allows expedited discovery when the need for it outweighs the prejudice to the responding party." *In re Chiquita Brands Int'l, Inc.*, No. 07-60821-cv, 2015 WL 12601043, at *3 (S.D. Fla. Apr. 7, 2015) (alterations added; citations omitted). While the Eleventh Circuit has not adopted a standard for allowing expedited discovery, an "increasing majority" of district courts, including district courts within the Eleventh Circuit, has applied the "more general" good-cause standard. *Id.* at *3–4 (quotation marks and citations omitted); *see also id.* at *4 (declining to follow preliminary injunction-style analysis and applying instead the conventional good-cause standard in evaluating the plaintiffs' request for expedited discovery). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Tracfone Wireless, Inc. v. Adams*, 304 F.R.D. 672, 673 (S.D. Fla. 2015) (quotation marks and citation omitted).

Plaintiffs maintain they have shown good cause for expedited discovery because they have been diligent in attempting to uncover the Doe Defendants' identities. (*See generally* Mot.). Plaintiffs state the Doe Defendants "refused to give their names at the scene" (*id.* 1); upon filing the Complaint, Plaintiffs promptly submitted a public records request to the Miami-Dade Police Department (*see id.*); and Plaintiffs timely responded to each of the records technician's requests for further information (*see id.* 2). Plaintiffs received a police report containing the last names of the officers involved, but the Miami-Dade Police Department's records technician informed Plaintiffs the technician was unable to identify the officers. (*See id.*). Plaintiffs therefore seek to serve a third-party subpoena on the Miami-Dade Police Department, limited to "requesting the names of all [o]fficers involved in the incident[,] subject to the police report provided Plaintiff[s]." (*Id.*). The Court agrees that Plaintiffs have established good cause to serve a third-party subpoena on the Miami-Dade Police Department to uncover the identities of the Doe Defendants.

CASE NO. 21-20499-CIV-ALTONAGA/Torres

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1.	The Motion **[ECF No. 10]** is **GRANTED**.

2.	Plaintiffs are granted leave, prior to the Rule 26(f) conference, to serve a Rule 45 subpoena on the Miami-Dade Police Department for the purpose of obtaining information about the identities of the Defendants, Officers John Doe 1–VIII.

3.	Pursuant to the Court's March 24, 2021 Order [ECF No. 9], Plaintiffs are reminded they must perfect and file proof of service by May 5, 2021. The Court will not extend the deadline to serve, particularly given Plaintiffs could have and should have taken steps — such as the described public records requests — to uncover the Officers' identities prior to filing suit. Failure to perfect service or show cause by May 5, 2021 will result in an order administratively closing the case pending the identification of and service upon the Doe Defendants.

**DONE AND ORDERED** in Miami, Florida, this 14th day of April, 2021.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:	counsel of record